IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

KAMALJIT SINGH KHERA,

    Movant.

No. 2:03-cr-0103 JAM EFB P

REPORT AND RECOMMENDATIONS

Movant is a federal prisoner proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (hereinafter § 2255 motion).[1] Movant claims that his trial counsel rendered ineffective assistance in connection with the plea bargain process. The parties have reached an agreement for resolution of movant's § 2255 motion. For the reasons explained below, it is recommended that the proposed resolution of the motion be accepted by the court and that movant be resentenced by the district judge assigned to this action according to the parties' agreement.

////

////

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. 2:11-cv-01736 JAM EFB

1

**I. Procedural Background**

In an indictment dated March 6, 2003, and a superseding indictment dated March 26, 2003, movant was charged with involvement in a narcotics conspiracy. Dckt. Nos. 14, 48, 385 at 4. At trial, on March 11, 2005, a jury found movant guilty of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841, 846. Dckt. Nos. 205, 206. The jury made a specific finding that the quantity of cocaine he conspired to distribute was at least 5 kilograms. Dckt. No. 206 at 2. This finding as to the quantity of cocaine subjected movant to a statutory mandatory minimum sentence of 10 years in prison and a statutory maximum term of life in prison. 21 U.S.C. § 841(b)(1)(A)(ii)(II). On January 30, 2006, movant received a sentence of 360 months in federal prison. Dckt. No. 308.

Movant appealed his conviction and sentence to the United States Court of Appeals for the Ninth Circuit. Dckt. No. 309. On May 24, 2007, the Ninth Circuit affirmed movant's judgment and sentence. Dckt. No. 339.

Movant filed a motion pursuant to 28 U.S.C. § 2255 in this court on August 5, 2008, and a first amended motion on June 5, 2009. Dckt. Nos. 348, 358. On February 9, 2010, respondent filed a request to stay further briefing on the motion until after the trial judge ruled on a separate motion to reduce movant's sentence, to be filed by respondent at a later date. Dckt. No. 367. The request for stay was granted by order dated March 10, 2010. Dckt. No. 368. On October 29, 2010, respondent subsequently filed a motion to reduce movant's sentence, which was based on assistance and information the movant provided to the Federal Bureau of Investigations and the Bureau of Prisons during his imprisonment. Dckt. No. 369. On November 2, 2010, the trial judge granted this motion and on November 4, 2010, an amended judgment was entered which reduced movant's sentence from 360 months to 240 months. Dckt. Nos. 372, 373.

On November 10, 2010, movant filed the second amended § 2255 motion on which this action proceeds. Dckt. No. 375. Respondent filed an opposition on May 2, 2011 and movant filed a reply on May 30, 2011. Dckt. Nos. 385, 388. Respondent filed a further opposition brief

on June 28, 2011, and movant filed a further reply on January 19, 2012. On September 13, 2012, the undersigned issued an order setting a status conference for the purpose of scheduling an evidentiary hearing on movant's claims of ineffective assistance of counsel. Dckt. No. 397.

The September 13, 2012 order includes a detailed summary of movant's crime of conviction, the facts surrounding movant's allegations contained in the § 2255 motion, the parties' arguments, and the relevant legal standards. Therein, the court found that movant had stated a colorable claim of ineffective assistance of counsel based on the failure of movant's counsel to advise him of the government's plea offers and his alleged failure to accurately advise movant of the consequences of pleading guilty and proceeding to trial. The court also concluded that the gap between movant's potential sentence if convicted and the sentences contemplated by the plea offers was sufficient to merit an evidentiary hearing on movant's allegations contained in the § 2255 motion. The court further found that there was sufficient objective evidence in the record to warrant an evidentiary hearing to determine whether there was a "reasonable probability" that movant would have accepted either of the government's pleas offers if he was correctly advised about them on a timely basis. The record currently before the court was insufficient to enable the court to determine exactly when movant learned of each of the government's offers and what movant was told by his trial counsel, if anything, with respect to whether to accept or reject the offers. The undersigned concluded that an evidentiary hearing was necessary to resolve these matters.

On November 7, 2012, the parties filed a stipulation and proposed order to vacate the status conference hearing and to set a date for submission of a status report regarding the parties' attempts to resolve movant's § 2255 motion without the holding of an evidentiary hearing. On November 11, 2012, the undersigned issued an order vacating the status conference and setting a date certain for the parties to file a further joint status report regarding the proposed settlement of movant's § 2255 motion. After an extension of time, on February 14, 2013, the parties filed a status report and a joint agreement for resolution of movant's § 2255 motion.

## II. The Settlement Agreement

The parties seek to resolve the § 2255 motion without holding an evidentiary hearing and, to that end, have joined in a conditional agreement to resolve the motion. Respondent states that it agrees to no longer contest the § 2255 motion, in order to conserve the expenditure of resources involved in a contested evidentiary hearing and the "nuisance of subjecting members of the bar of this Court, and possibly prosecutors and federal agents, to cross-examination and credibility challenges" by movant. Dckt. No. 408 at 1; Dckt. No. 408-1 at 4. Respondent also seeks to limit the amount of reduction in movant's sentence in the event that movant prevails on his § 2255 motion after an evidentiary hearing. Dckt. No. 408-1 at 4.

Movant states that he agrees to forego an evidentiary hearing and proceed to resentencing in order to obtain a reduction in his sentence, with an awareness that he may not prevail on his § 2255 motion if he proceeds with the evidentiary hearing. Dckt. No. 408 at 1; Dckt. No. 408-1 at 3-4. The parties stipulate that movant would present evidence at an evidentiary hearing which, if unchallenged by the respondent, provides sufficient grounds for the court to grant the movant's § 2255 motion. Dckt. No. 408-1 at 4-5. They further stipulate that resentencing is the appropriate remedy under section 2255. *Id.* at 5. The parties agree that a new sentence of 192 months (16 years) would be an appropriate sentence, given "the nature and circumstances of this offense, the history and characteristics of the defendant, and taking into account the guideline range, the relative sentences of the other co-defendants in this case, the need to protect the public from further crimes of the defendant, and to provide deterrence to this defendant and to others." *Id.* The parties also agree that the appropriate amount of supervised release is 60 months, with the same conditions previously fixed by the district court. *Id.* at 6.

Movant states that he agrees to give up the right to appeal or bring a collateral attack on any portion of his newly imposed sentence. *Id.* Respondent agrees to forego the opportunity to present evidence to defeat movant's claims at an evidentiary hearing and to appeal any portion of

/////

movant's new sentence. Respondent also agrees not to oppose any application by petitioner to transfer his sentence pursuant to the international prisoner transfer program. *Id.* at 6-7.

The parties point out that their agreement is contingent on movant receiving the stipulated 192 month sentence. *Id.* Movant waives the right to be present at any re-sentencing which may take place pursuant to the agreement. *Id.* at 8. The parties understand that if the district court declines to accept the negotiated disposition of movant's § 2255 motion, they will be relieved of their obligations under the agreement. *Id.* at 7.

**III. Recommendation**

Under 28 U.S.C. § 2255, the district court has "broad and flexible power in its actions following a successful § 2255 motion." *United States v. Handa*, 122 F.3d 690, 691 (quoting *United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997)). If the court finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," the court "shall vacate and set the judgment aside and shall . . . resentence him . . . or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 (b). "This broad and flexible power is derived from the equitable nature of habeas corpus relief." *Handa*, 122 F.3d at 691 (citing *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997)). As noted by respondent, the U.S. Court of Appeals for the Tenth Circuit recently held that a district court may re-sentence a defendant even though it has not formally granted his § 2255 motion, thereby effecting a *de facto* grant of the motion. *United States v. McGaughy*, 670 F.3d 1149, 1153-54 (10th Cir. 2012) ("What the court did here was no more than to approve the stipulation of the parties that the petition be granted, and [movant] re-sentenced . . . This construction of the court's action is appropriate under the specific facts of this case, where both parties agreed that [movant] received ineffective assistance of counsel, and the court vacated his sentence and resentenced him on that basis").

Here, petitioner challenges his sentence, claiming that his attorney rendered ineffective assistance during the plea negotiation process. As set forth above, respondent stipulates that

5

movant would present evidence at an evidentiary hearing which, if unchallenged by the respondent, provides sufficient grounds for the court to grant the movant's § 2255 motion. Dckt. No. 408-1 at 4-5. In essence, the parties here, like those in *McGaughy* simply ask the court "to approve the stipulation of the parties that the petition be granted, and [movant] re-sentenced." 670 F.3d at 1153-54. For the reasons set forth in the settlement agreement, the undersigned concludes that under all the circumstances of this case, a negotiated reduced sentence for movant of 192 months in prison is reasonable and fair to all parties and warranted by the facts presented by the parties. Further, a negotiated settlement would obviate the need for a significant expenditure of judicial resources in conducting an evidentiary hearing on movant's claims. Accordingly, the agreement of the parties for a settlement of movant's § 2255 motion should be accepted by the district court.

## IV. Conclusion

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the district judge assigned to this action accept the parties' agreement for disposition of movant's § 2255 motion and re-sentence movant to the agreed-upon sentence of 192 months in federal prison.

This report and recommendations is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with the report and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE